IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,               )<br>                                                      )<br>           Plaintiff,                        )<br>                                                      )<br>vs.                                                )<br>                                                      )<br>                                                      )<br>Cruz Margarita Sanchez-Avitia,     )<br>Ignacio Tapia-Moreno,               )<br>                                                      )<br>           Defendants.                    )<br>_____)| CR 13-0519-TUC-JGZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

   The District Court referred this case to the Magistrate Judge for a hearing on the defendants' motions to suppress.  The defendants, Cruz Margarita Sanchez-Avitia and Ignacio Tapia-Moreno, argue that their statements were taken in violation of *Miranda* and involuntarily. (Doc. 22).  They also argue that their Fourth Amendment rights were violated when they were unlawfully detained at the United States Border Patrol (USBP) checkpoint on March 1, 2013. (Doc. 23).  Defendant Tapia-Moreno filed a motion for joinder in Defendant Sanchez-Avitia's motions (Doc. 43) and a Supplement to Defendant's Notice of Joinder (Doc. 53).

   An evidentiary hearing was held on February 20, 2014 and  March 10, 2014, concluding on March 12, 2014.  On February 20, 2014, USBP Agents Edward Seed, Derek Merriman, Eric Griego, and Homeland Security Investigations (HSI) Special Agent (SA) Ricardo Ramirez  testified. On March 10, 2014, HSI SA Ricardo Ramirez completed his testimony

1  and HSI Intelligence Research Specialist (IRS) Carlos Guido, USBP Agent Hector Lopez,
2  and Defendant Sanchez-Avitia testified.  Government's Exhibits 1, 2, and 3 and Defense
3  Exhibits 20, 21, 22, 23, and 24 were admitted.
4    On May 21, 2014, both defendants filed objections (Doc. 86 and 87) to the Magistrate
5  Judge's Report and Recommendation. (Doc. 87).  The District Court issued an order on July
6  3, 2014 remanding the matter for further findings, specifically for credibility determinations
7  regarding conflicting testimony between Defendant Sanchez-Avitia and Agents Griego,.
8  Ramirez, and IRS Guido. (Doc. 106).  The District Court identified several areas of conflict:
9  1) Whether Agent Griego read Ms. Sanchez-Avitia her Miranda rights; 2) Whether Ms.
10 Sanchez-Avitia told Agent Griego that she did not want to answer questions; 3) Whether
11 Agent Ramirez told Ms. Sanchez-Avitia that if she cooperated it would be to her benefit; and
12 4) Whether IRS Guido told Ms. Sanchez-Avitia that he was going to take her immigration
13 papers and her children, implying that she had to talk to agents to assure her family's well-
14 being.
15    1. **Did Agent Griego read Ms. Sanchez-Avitia her Miranda rights?**
16    Agents Merriman and Griego both testified that Agent Griego read Ms. Sanchez-Avitia
17 her Miranda rights while she was seated in the back of a Border Patrol vehicle, with Agent
18 Merriman as a witness. (RT 2/20/14 pp.76, 105-6).  Ms. Sanchez-Avitia testified that Agent
19 Griego did not advise her of her rights, but her rights were read to her while she was in the
20 car. (RT 3/10/14 p. 119, 121).
21    The Court finds Agent Griego's testimony credible.  He provided details of the facts
22 surrounding the advisal, including that he handcuffed Ms. Sanchez-Avitia behind her back,
23 escorted her from the bench where she was seated to a marked sedan, and placed her in the
24 back of the vehicle. (RT 2/20/14 pp. 118-19).  The agent noted in his report that he
25 administered Ms. Sanchez-Avitia's rights at 5:24 p.m. (Id. at p.120). The report was written
26 when memories of the events were fresher than they would be nearly a year later at the
27 motion hearing. Numerous times during Agent Griego's direct testimony and cross-
28 examination, he responded that he did not remember, indicating that when he affirmatively

answered a question it was based on his recollection.

As the events were unfolding, Ms. Sanchez-Avitia was upset and nervous. (RT 2/20/14 p. 102, RT 3/10/14 p. 118). The Court finds that Ms. Sanchez-Avitia was agitated and likely does not remember all of the details of her apprehension and interrogation.[1]

2. **Did Ms. Sanchez-Avitia tell Agent Griego that she did not want to answer questions?**

Agent Griego testified that Ms. Sanchez-Avitia was upset and did not want to talk to him, although she did answer his questions. (RT 2/20/14 pp. 102-3). He did not remember if she told him she did not want to answer questions and did not remember if he asked her whether she was willing to answer questions. (Id. at p. 117). Ms. Sanchez-Avitia testified that when Agent Griego questioned her about the girls in the vehicle, she told him that she did not want to talk to him. (RT 3/10/14 p. 120). This occurred before she was handcuffed, and thus before her Miranda warnings. (Id.).

The only testimony about what occurred is that Ms. Sanchez-Avitia did not want to speak with Agent Griego, and she told him so. The Court finds Ms. Sanchez-Avitia's version of the events credible.

3. **Did Agent Ramirez tell Ms. Sanchez-Avitia that if she cooperated it would be to her benefit?**

Agent Ramirez testified that Ms. Sanchez-Avitia initiated the discussion about cooperation when she told the agents she wanted to help with the investigation. (RT 2/20/14 p. 148). Agent Ramirez told her to tell the truth and "we'll see what we can do for you." (Id.). He told her that it was up to the judge to decide what was going to happen and that it is not the agents' duty to make deals. (RT 2/20/14 pp. 149-50). Agent Ramirez testified that he told Ms. Sanchez-Avitia to be honest and tell the truth, and he would be sure that everything she

---

[1] For example, Ms. Sanchez-Avitia testified that her interrogation lasted about 4 hours. (RT 3/10/14 p. 126). Agent Ramirez testified that the interrogation lasted 30 to 35 minutes. (RT 2/20/14 p. 131). IRS Guido testified that it lasted 60 to 90 minutes. (RT 3/10/14 p. 37). Agent Lopez testified that the interrogation lasted about 40 minutes. (RT 3/10/14 p. 74).

1  said, and her cooperation, would be documented in the report. (RT 2/20/14 pp. 149-50). Her
2  statements were included in the report but not that she was honest. (RT 2/20/14 p. 151).
3      Ms. Sanchez-Avitia testified that Agent Ramirez came out to the car where Ms. Sanchez-
4  Avitia was waiting and said he was going to read her rights to her. (RT 3/10/14 p. 121). [2]
5  When she asked him how her family was doing he said the family would be fine and it would
6  be better for her family and for her if she spoke with the agents if she was involved in this.
7  (Id.).  She only spoke to Agent Ramirez so her family would be okay. (RT 3/10/14 p. 122).
8      The Court finds the testimony of Agent Ramirez credible in that Agent Ramirez told Ms.
9  Sanchez-Avitia that things would go better for her if she told the truth.

10  4. **Did Intelligence Research Specialist (IRS) Guido[3] tell Ms. Sanchez-Avitia that he**
11  **was going to take her papers and her children, implying that she had to talk to agents**
12  **to assure her family would be okay?**

13      Agent Ramirez testified that he was present for the entire interview. (RT 2/20/14 p. 148).
14  He stated Ms. Sanchez-Avitia was never told that if she didn't cooperate she would lose her
15  children. (RT 2/20/14 p. 142). Agent Lopez testified that he was present for the entire
16  interview. (RT 3/10/14 p. 74). There was a discussion amongst the agents, which Ms.
17  Sanchez-Avitia was able to hear, about calling Child Protective Services (CPS) to take the
18  children when the agents decided they would charge Ms. Sanchez-Avitia.. (RT 2/20/14 pp.
19  143-4).

20      IRS Guido testified that he was present for the majority of Ms. Sanchez-Avitia's
21  interview. (RT 3/10/14 p. 38). He left the room to speak with Agent Juarez for about 3 to
22  5 minutes. (Id.). He was present more as a witness and analyst than as an interrogator,
23  although he may have asked some questions. (RT 3/10/14 p. 43).  IRS Guido testified that

---

[2] Ms. Sanchez-Avitia appears to be confused about the events surrounding the reading of her rights. Intelligence Research Specialist Guido testified that Agent Ramirez read Ms. Sanchez-Avitia her rights in the interview room. (RT 3/10/14 p. 54).

[3] The transcript (RT 3/10/14 p. 124, ln. 8) and the Court's order refer to Agent Griego, but Ms. Sanchez-Avitia testified that she was alone with IRS Guido.

- 4 -

when he entered the interview room, Agents Lopez and Ramirez were already there. (RT 3/10/14 p. 47). He testified that he did not ask any questions or make any statements to Ms. Sanchez-Avitia regarding her children. (RT 3/10/14 p. 56).

Ms. Sanchez-Avitia testified that she was alone at the beginning of the interview with Agent Guido when he told her that he would take her papers immediately and her children, but if she spoke with the agents, CPS would not take her children away. (RT 3/10/14 p. 124).

The Court finds the testimony of IRS Guido to be credible. He arrived after the other two agents were already present in the interview room. He was never alone with Ms. Sanchez-Avitia and did not tell her he would immediately take her papers and her children. He did not imply that she had to talk to the agent for her family's well-being.

**RECOMMENDATION:**

The Court recommends that the District Court accept the credibility findings as set forth above.

The parties may serve and file written objections within 3 business days. Responses may be filed within 3 business days after objections are filed. If objections are not timely filed, the party's right to de novo review may be waived.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 10th day of July, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge